1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENITA JONES,

              Plaintiff,

   v.

SEQUOIA EQUITIES, INC.,

            Defendant.

CASE NO. 2:24-cv-00967-BAT

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Before the Court is Defendant Sequoia Equities, Inc.'s Motion to Compel Arbitration and Stay Proceedings. Dkt. 15. Defendant also seeks attorneys' fees and costs. For the reasons set forth herein, the Court grants the motion.

<u>BACKGROUND</u>

This is Plaintiff's second action with the same substantive claims arising out of her former employment with Defendant, which claims are subject to the parties' Arbitration Agreement. In the first action, which was also originally filed in King County and removed to this Court, the parties stipulated to a dismissal without prejudice in accordance with their Arbitration Agreement. The Court dismissed the action over two years ago, on May 17, 2022. *See Denita Jones v. Sequoia Equities, Inc.*, Case No. 2:22-cv-00626-RAJ, Order at Dkt. 9.

After the first case was dismissed, counsel for the parties exchanged emails discussing potential arbitrators for about ten months – the last email between counsel was over a year ago, on April 2, 2023. Dkt. 8, Declaration of Adam T. Pankratz. Plaintiff failed to respond to one

arbitrator option for three months (December 12, 2022 through March 13, 2023). After the parties finally agreed on an arbitrator, it was learned the proposed individual was no longer doing arbitrations. On April 2, 2023, Defendant proposed two additional arbitrators. Plaintiff did not respond. After a year during which apparently no action was taken to prosecute Plaintiff's claims, Plaintiff filed this duplicate action on May 22, 2024– again, bringing it first in King County Superior Court. Plaintiff recognizes the parties' Arbitration Agreement and includes a request for arbitration in her Complaint. Dkt. 1-1.

DISCUSSION

A.    Motion to Compel Arbitration

A court may stay a lawsuit containing issues subject to arbitration under a written arbitration agreement until the arbitration "has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Washington Uniform Arbitration Act similarly states that judicial proceedings "shall" be stayed pending resolution of a motion to compel arbitration and then, if the motion is granted, pending the arbitration's conclusion. RCW 7.04A.070(5)-(6).

There is no question Plaintiff's claims are subject to the parties' Arbitration Agreement and Plaintiff does not object to Defendant's motion to compel arbitration and stay these proceedings. Dkt. 7.

B.    Award of Attorney Fees

Defendant seeks its attorneys' fees and costs incurred pursuant to 28 U.S.C. § 1927, which authorizes the imposition of costs and attorneys' fees against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "Bad faith is present when an attorney knowingly or

1    recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing

2    an opponent." *Id.*

3           Plaintiff argues Defendant cannot demonstrate "bad faith." Dkt. 15 at 2. However,

4    Plaintiff conceded her claims were arbitrable and agreed to dismiss her claims with this Court,

5    and Plaintiff's counsel initially worked with Defendant's counsel to agree on an arbitrator. For

6    reasons unknown and unexplained, Plaintiff's counsel delayed initiating any action for months,

7    failed to respond to Defendant's counsel regarding potential arbitrators, and filed the same action

8    and claims again in state court. Plaintiff's counsel states "[a]t most, counsel lost contact and

9    failed to follow up with each other on an acceptable mediator." *Id.* And, with a "looming statute

10   of limitations, Plaintiff refiled the lawsuit, and this time specifically sought relief in the form of a

11   declaratory order for an arbitration." *Id.*

12          Plaintiff also argues "Defense Counsel *could* have contacted Plaintiff's counsel and

13   sought a stipulated motion to order arbitration and stay proceedings, which *would* have been

14   easily agreed upon." *Id.* (emphasis added). Conversely, Plaintiff's counsel *could* have contacted

15   Defendant's counsel before filing this duplicate action, to agree on an arbitrator to properly

16   pursue Plaintiff's claims through arbitration. Plaintiff's counsel provides no reasonable

17   explanation for failing to do so.

18          Moreover, Plaintiff's counsel knew when they filed the second lawsuit, Defendant would

19   have to incur additional expenses to remove the duplicate lawsuit to this Court and file a second

20   motion to enforce the parties' Arbitration Agreement. Plaintiff also contends there has been no

21   delay or disruption of litigation or hampering of a court order. However, this Court dismissed the

22   prior lawsuit based on the parties' stipulation to pursue arbitration and is now dealing with a

23   duplicate lawsuit which should have been arbitrated over two years ago.

ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS
- 3

Accordingly, it is **ORDERED**:

1)      Defendant's Motion to Compel Arbitration and Stay Proceedings is **GRANTED**;

2)      This case is **STAYED** until **February 24, 2025**. The parties shall provide a status report to the Court by **January 24, 2025**.

3)      Defendant is awarded its attorneys' fees and costs. Defendant may file a motion seeking those fees and costs **by August 23, 2024**.

4)      The Clerk shall send a copy of this Order to the parties.


DATED this 6th day of August, 2024.


BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS
- 4